# **EXHIBIT A**

## Commonwealth of Massachusetts

MIDDLESEX,SS.

*Nipa Pruittos, Chiroychowar,*
*minor I & minor II*

_____ , PLAINTIFF(S),

V.

*Nissan North America, Inc,* DEFENDANT(S)

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. *1981 CV 03738*

### SUMMONS

THIS SUMMONS IS DIRECTED TO *Nissan North America, Inc.* . (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you.  A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the *Middlesex Superior* Court.  **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**  If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint.  You will also lose the opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, *Superior* Court, *200 Trade Center Drive, Woburn, MA 01801* (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: *Law Office of Rim Sud, 80 Church Street, St 331, Belmont, MA 02478*

3. **What to include in your response.**  An "Answer" is one type of response to a Complaint.  Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.  Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court.  If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer.  Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit.  If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.**  If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

4.     **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.     **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____ , 20 ___ .

_____

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

    I hereby certify that on_____ , 20 ___ , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated:_____ , 20 _____     Signature: _____

**N.B.**     **TO PROCESS SERVER:**

    **PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

| |
|---|
| , 20___ |

**CIVIL ACTION COVER SHEET**

DOCKET NUMBER 13758

Trial Court of **The Superior Court**

PLAINTIFF(S): Nipa Purohit, Chirag Chowen, Minor I & Minor Minor II

ADDRESS: 43 Wamsutta Avenue, Waltham, MA 02451

COUNTY: II

DEFENDANT(S): Nissan North America, Inc. c/o Hermes, Netburn, Oconnor, & Spearing PC 265 Franklin St. Boston, MA 02110

ATTORNEY: Rita Sud Law Office of Rita Sud 265 Franklin St.

ADDRESS: 36 Church St. Belmont, MA 02478

Tamura Murray, Murray Law Group 830 Lynnway, Ste 107, Lynn MA 01901

ADDRESS: Holly M. Polglase c/o Hermes, Netburn, Oconnor, & Spearing PC 265 Franklin St. Boston, MA 02110

BBO:

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

CODE NO.: B 05

TYPE OF ACTION (specify): Product Liability, Breach of Warranty, Negligence

TRACK: A or F

HAS A JURY CLAIM BEEN MADE? ☑ YES ☐ NO

"If "Other" please describe:

Is there a claim under G.L. c. 93A? ☑ YES ☐ NO

Is this a class action under Mass. R. Civ. P. 23? ☐ YES ☑ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

| | |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses ............... | $25,000 |
| 2. Total doctor expenses ............... | $ |
| 3. Total chiropractic expenses ............... | $25,000 |
| 4. Total physical therapy expenses ............... | $ |
| 5. Total other expenses (describe below) ............... | Subtotal (A): $50,000 |
| B. Documented lost wages and compensation to date ............... | $100,000 |
| C. Documented property damages to date ............... | $22,000 |
| D. Reasonably anticipated future medical and hospital expenses ............... | $100,000 |
| E. Reasonably anticipated lost wages ............... | $500,000 |
| F. Other documented items of damages (describe below) ............... | $ |

FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX

DEC 18 2019

CLERK

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $ 822,000.00

### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

Provide a detailed description of claim(s):

TOTAL: $ _____

Signature of Attorney/ Unrepresented Plaintiff: X

Date:

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X

Date: 12/18/19

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                          SUPERIOR COURT
                                                       C.A. No.:

_____
                                          )
NIPA PUROHIT, CHIRAG CHOWHAN, MINOR )
I & MINOR II                              )
        Plaintiffs                        )
                                          )          **COMPLAINT**
v.                                        )
                                          )
                                          )
NISSAN NORTH AMERICA, INC.                )
        Defendant                         )
                                          )
_____ )


## PARTIES

1.      Plaintiff, Nipa Purohit, (hereinafter "Plaintiff") is an individual residing in Middlesex County

in Waltham, Massachusetts.

2.      Plaintiff, Chirag Chowhan, (hereinafter "husband" or "spouse") is an individual residing in

Middlesex County in Waltham, Massachusetts.

3.      Plaintiff, Minor I, child of Plaintiff is an individual residing in Middlesex County in Waltham,

Massachusetts.

4.      Plaintiff, Minor II, child of Plaintiff is an individual residing in Middlesex County in Waltham,

Massachusetts.

5.      Defendant, Nissan North America, Inc., (hereinafter "Nissan") is a company doing business

in the state of Massachusetts.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over the Defendant pursuant to Massachusetts General Laws, c.

212 § 4 and c. 223A § 3.

7.      Venue is proper in Middlesex County pursuant to M.G.L. c. 223 § 1 as the Defendant conducts

business in Massachusetts.

## STATEMENT OF FACTS

8.      On or about December 28, 2013, Plaintiffs Nipa Purohit and her husband Chirag Chowhan, purchased a new 2014 Nissan Altima from Peters of Nashua Dealership located in New Hampshire.

9.      At the time of purchase the Altima had mileage of 16 and was in new condition.

10.     On or about December 19, 2016, Plaintiff, Nipa Purohit, was driving her 2014 Nissan Altima on Route 2 highway in Belmont when the latch to her hood disengaged and the hood suddenly flew open.

11.     The hood crashed into the front window and obstructed Plaintiff's vision causing her to lose control of the vehicle and crash into a guardrail before coming to a rest on the side of the road.

12.     As a result of the collision Plaintiff suffered head, neck and back injuries that require ongoing medical treatments.

13.     Nissan North America, Inc., is the manufacturer of the vehicle and warranted the vehicle was fit for its particular purpose.

14.     Unbeknownst to Plaintiffs, Nissan had a recall for hood latch issues for 2014 Nissan Altima at the time of the collision for its failure to properly assemble a safe latch.

15.     The recall for the faulty hood latch was the third time the 2013-2015 Nissan Altima was recalled for this same reoccurring defect.

16.     Plaintiffs Nipa Purohit and her husband Chirag Chowhan never received notice of any recall at any time prior to the hood unexpectedly opening up on December 19, 2016.

17.     Nissan failed to warn of the defective nature of the vehicle and sold the defective vehicle by trade through the stream of commerce and should have known the 2014 Nissan Altima was unreasonably dangerous and defective to drive.

2

18.     As a result of the defect in the hood latch, the hood released and opened while Plaintiff Nipa Purihot was driving on a highway and is the proximate cause of the accident causing the collision and her injuries.

19.     As a direct and proximate cause of the defendant's negligence or manufacturing defect, gross negligence, and breach of warranty, the Plaintiff sustained injuries to her head, neck and upper back pain and was diagnosed with concussion at the Emergency room.

20.     Plaintiff has two minor children then age 5 and 9 respectively who relied on her financially for emotional support and comfort, and a husband who relied on her for affection, support and financial contribution all of which was affected by Nissan's breach.

21.     Plaintiff through counsel sent her written demand pursuant to M.G.L. c. 93A.

**COUNT ONE**
PLAINTIFF NIPA PURIHOT'S CLAIM OF NEGLIGENCE AGAINST
NISSAN NORTH AMERICA, INC.

22.     Plaintiff Nipa Purihot restates and realleges paragraphs 1-21 above as if fully restated herein.

23.     Defendant owed Plaintiff Nipa Purohit a duty to exercise reasonable care and to ensure proper assembly of the 2014 Nissan Altima before placing it into the stream of commerce and trade.

24.     Defendant breached this duty of care by placing Plaintiff Nipa Purihot in a dangerous and defective vehicle with a faulty hood latch into the stream of commerce without warning to consumers such as the Plaintiff.

25.     As a result of Defendant's breach of duty the defective and faulty hood latch disengaged while Plaintiff Nipa Purihot was driving causing  her to lose control of the vehicle crashing into a guardrail before coming to a rest on the side of the road.

26.     Plaintiff Nipa Purihot's injuries were in fact and proximately caused by Defendant's breach of its duty of care.

27.     Plaintiff Nipa Purihot suffered financial losses including but not limited to medical bills and

3

expenses, lost wages and loss of earning capacity, and property damages.  Plaintiff Nipa Purihot has

continuous pain and suffering, memory loss and loss of enjoyment.

**COUNT TWO**
PLAINTIFF NIPA PURHOIT CLAIM OF GROSS NEGLIGENCE AGAINST
NISSAN NORTH AMERICA, INC.

28.    Plaintiff Nipa Purihot restate and reallege paragraphs 1-27 above as if fully restated herein.

29.    Defendant Nissan provided services including but not limited to designing and constructing a

2014 Nissan Altima in an unsafe manner.

30.    Defendant for the third time had he same or similar issues regarding the defect in the hood

latching mechanism and knew or should have known that the latch to the Nissan Altima purchased

by the Plaintiffs was defective and likely to cause substantial injury.

31.    Defendant owed the Plaintiff Nipa Purihot a duty to exercise reasonable care and to ensure

proper assembly of the 2014 Nissan Altima before placing it into the stream of commerce and trade.

32.    Defendant breached this duty of care by placing a dangerous and defective vehicle with faulty

hood latch into the stream of commerce for the third time without warning to consumers such as the

Plaintiffs.

33.    As a result of the Defendant's breach of duty the defective and faulty hood latch disengage

while Plaintiff Nipa Purihot was driving at the highway speed limit causing the her to lose control of

the vehicle crashing into a guardrail before coming to a rest on the side of the road.

34.    Plaintiff Nipa Purihot's injuries were in fact and proximately caused by Defendant's breach

of its duty of care.

35.    Plaintiffs all suffered damages, including but not limited to property damage.

36.    Wherefore, the Plaintiffs pray that, after trial this court enter judgment in favor of the Plaintiffs

on Count Two against NISSAN for gross negligence and to award damages, interest, attorney's fees

and costs as allowed by law.

**COUNT THREE**
PLAINTIFFS NIPA PURIHOT AND CHIRAG CHOWHAN'S CLAIM FOR  BREACH OF
WARRANTY AGAINST NISSAN NORTH AMERICA, INC.

37.	Plaintiffs restate and reallege paragraphs 1-36 above as if fully restated herein.

38.	Defendant manufactured and sold a defective 2014 Nissan Altima in the stream of commerce causing bodily injuries to Plaintiff, property damages, and other damages to her children and spouse.

39.	Nissan is subject to liability to the Plaintiffs for its written express warranty and implied warrant on merchantability and the fitness for a particular use under G.L. c. 106 through sale of the 2014 Nissan Altima and warrants the vehicle complies with the law and is fit to be driven on the roadways and byways.

40.	Nissan breach its warranties and as direct and proximate cause of that breach the hood latch released and flew open while Plaintiff was driving on the highway causing her to crash and resulting in Plaintiff incurring property damages and other damages as a result of the breach.

41.	Defendant is liable to the Plaintiffs for all the damages they incurred as a result of its breach of warranty including but not limited to property damages resulting from such breach.

42.	Wherefore, the Plaintiffs pray that, after trial this court enter judgment in favor of the Plaintiffs on Count Three against NISSAN for breach of express and implied warranty and to award damages, interest, attorney's fees and costs as allowed by law.

**COUNT FOUR**
UNFAIR AND DECEPTIVE TRADE PRACTICES
AGAINST NISSAN NORTH AMERICA, INC.
IN VIOLATION OF CHAPTER 93A

43.	PlaintiffS restates and realleges paragraphs 1-42  above as if fully restated herein.

44.	Defendant accepted liability or fault of the incident claimed herein in Count 1 and Count 2 and confirmed their acceptance in correspondence between Plaintiffs and Defendant but continue to blame the faulty hood disengagement that occurred as stated above to be the fault of the Plaintiff in their response to Plaintiff's 93A demand letter.

45.     Although liability is reasonably clear and Defendant has accepted liability, Defendant refuses to compensate the Plaintiff in a reasonable manner for her resulting injuries blaming the Plaintiff for causing her own injuries and economic losses Plaintiff has suffered as a result of the defective hood latch of her Nissan Altima.

46.     These are tactics which are unfair and deceptive under Massachusetts consumer law because they are immoral, unethical, and unscrupulous.

47.     Defendant's response to accept liability and not offer reasonable compensation based on their gross negligence is unacceptable and unfair and deceptive trade practice in Massachusetts.

48.     Defendant's response to Plaintiff's demand was to blame Plaintiff's speed as a factor leading to the hood detaching from its locked position is immoral and unethical where liability was already accepted by the Defendant.

## COUNT FIVE
### PLAINTIFF MINOR I, LOSS OF CONSORTIUM AGAINST
### NISSAN NORTH AMERICA, INC.

49.     Plaintiffs restate and reallege paragraphs 1-48 above as if fully restated herein.

50.     The, Plaintiff, Nipa Purohit has a child (Minor I) who was then 9-year-old at the time of the collision.  Minor I depended on the Plaintiff for services, comfort and companionship.

51.     As a result of Nissan's negligence and or manufacturing defect Minor I suffered a loss of services, comfort, care and companionship of the Plaintiff, Nipa Purohit.

52.     Wherefore, Minor I prays that, after trial this court enter judgment in favor of Minor I on Count Four against NISSAN and to award damages, interest, attorney's fees and costs as allowed by law.

## COUNT FIVE
### PLAINTIFF MINOR II, LOSS OF CONSORTIUM AGAINST
### NISSAN NORTH AMERICA, INC.

53.     Plaintiffs restate and reallege paragraphs 1-52 above as if fully restated herein.

54.     The Plaintiff, Nipa Purohit has a child (Minor II) who was then 7-year-old at the time of the collision.  Minor II depended on the Plaintiff for services, comfort and companionship.

55.     As a result of Nissan's negligence and or manufacturing defect Minor II suffered a loss of services, comfort, care and companionship of the Plaintiff, Nipa Purohit.

56.     Wherefore, Minor II prays that, after trial this court enter judgment in favor of Minor II on Count Five against NISSAN and to award damages, interest, attorney's fees and costs as allowed by law.

### COUNT SIX
PLAINTIFF CHIRAG CHOWHAN, LOSS OF CONSORTIUM AGAINST
NISSAN NORTH AMERICA, INC.

57.      Plaintiffs restate and reallege paragraphs 1-57 above as if fully restated herein.

58.     The Plaintiff, Chirag Chowhan is the husband or spouse of Nipa Purohit at the time of the collision.

59.     Chirag Chowhan depended on his wife or the Plaintiff for services, comfort, affection and consortium.

60.     As a result of Nissan's negligence and or manufacturing defect Chirag Chowhan suffered a loss of services, comfort, care, affection, consortium from his wife, Nipa Purohit.

Wherefore, Chirag Chowhan prays that, after trial this court enter judgment in favor of Chirag Chowhan on Count Six against NISSAN for loss of consortium and to award damages, interest, attorney's fees and costs as allowed by law.

**Plaintiffs request a trial by a jury.**

Respectfully Submitted,
Nipa Purhoit,
Chirag Chowhan,
Minor I, and Minor II

7

By their Attorney

_____

Tamara Murray, Esq., (BBO# 678233)
Murray and Associates
330 Lynnway, Suite 107
Lynn, MA 01901
tm@Murray-Law.com

AND Co-Counsel

_____

Rita Sud, Esq. (BBO#677399)
Law Office of Rita Sud
30 Church Street Suite 331
Belmont MA 02478
Ritasud1@verizon.net

8

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    SUPERIOR COURT
                                                 C.A. No.:

_____
                                            )
NIPA PUROHIT, CHIRAG CHOWHAN, MINOR )
I & MINOR II                                )
     Plaintiffs                             )       **FIRST AMENDED**
                                            )       **COMPLAINT**
v.                                          )
                                            )
                                            )
NISSAN NORTH AMERICA, INC.                  )
     Defendant                             )
                                            )
_____   )

## PARTIES

1.    Plaintiff, Nipa Purohit, (hereinafter "Plaintiff") is an individual residing at 43 Wamsutta

Avenue, Waltham, in Middlesex County, Massachusetts.

2.    Plaintiff, Chirag Chowhan, (hereinafter "husband" or "spouse") is an individual residing at 43

Wamsutta Avenue, in Middlesex County in Waltham, Massachusetts.

3.    Plaintiff, Minor I, child of Plaintiff is an individual residing in Middlesex County in Waltham,

Massachusetts.

4.    Plaintiff, Minor II, child of Plaintiff is an individual residing in Middlesex County in Waltham,

Massachusetts.

5.    Defendant, Nissan North America, Inc., (hereinafter "Nissan") is a company doing business

in the state of Massachusetts.

## JURISDICTION AND VENUE

6.    The Court has jurisdiction over the Defendant pursuant to Massachusetts General Laws, c.

212 § 4 and c. 223A § 3.

7.    Venue is proper in Middlesex County pursuant to M.G.L. c. 223 § 1 as the Defendant conducts

business in Massachusetts.

## STATEMENT OF FACTS

8.      On or about December 28, 2013, Plaintiffs Nipa Purohit and her husband Chirag Chowhan, purchased a new 2014 Nissan Altima from Peters of Nashua Dealership located in New Hampshire.

9.      At the time of purchase the Altima had mileage of 16 and was in new condition.

10.     On or about December 19, 2016, Plaintiff, Nipa Purohit, was driving her 2014 Nissan Altima on Route 2 highway in Belmont when the latch to her hood disengaged and the hood suddenly flew open.

11.     The hood crashed into the front window and obstructed Plaintiff's vision causing her to lose control of the vehicle and crash into a guardrail before coming to a rest on the side of the road.

12.     As a result of the collision Plaintiff suffered head, neck and back injuries that require ongoing medical treatments.

13.     Nissan North America, Inc., is the manufacturer of the vehicle and warranted the vehicle was fit for its particular purpose.

14.     Unbeknownst to Plaintiffs, Nissan had a recall for hood latch issues for 2014 Nissan Altima at the time of the collision for its failure to properly assemble a safe latch.

15.     The recall for the faulty hood latch was the third time the 2013-2015 Nissan Altima was recalled for this same reoccurring defect.

16.     Plaintiffs Nipa Purohit and her husband Chirag Chowhan never received notice of any recall at any time prior to the hood unexpectedly opening up on December 19, 2016.

17.     Nissan failed to warn of the defective nature of the vehicle and sold the defective vehicle by trade through the stream of commerce and should have known the 2014 Nissan Altima was unreasonably dangerous and defective to drive.

2

18.     As a result of the defect in the hood latch, the hood released and opened while Plaintiff Nipa Purihot was driving on a highway and is the proximate cause of the accident causing the collision and her injuries.

19.     As a direct and proximate cause of the defendant's negligence or manufacturing defect, gross negligence, and breach of warranty, the Plaintiff sustained injuries to her head, neck and upper back.

20.     Plaintiff has two minor children then age 5 and 9 respectively who relied on her financially for emotional support and comfort, and a husband who relied on her for affection, support and financial contribution all of which was affected by the defect in Nissan Altima Plaintiff drove .

21.     Plaintiff through counsel sent her written demand pursuant to M.G.L. c. 93A.

### COUNT ONE
### PLAINTIFF NIPA PURIHOT'S CLAIM OF STRICT LIABILITY
### AGAINST NISSAN NORTH AMERICA, INC.

22.     Plaintiff Nipa Purihot restates and realleges the paragraphs above as if fully restated herein.

23.     The 2014 Nissan Altima was defectively designed at the time it was designed, manufactured or produced and that defect made the motor vehicle.

24.     The defect in the design and assembly of the hood latch caused the hood of the Nissan to fly open while Plaintiff was using the vehicle in the manner it was intended to be used and was the proximate cause of Plaintiff Nipa Purihot's injury.

25.     The Nissan had not been changed in any way from its original condition since its purchase. Wherefore, the Plaintiff requests this Court find Defendant strictly liable and award damages for all injuries sustained.

### COUNT TWO
### PLAINTIFF NIPA PURIHOT'S CLAIM OF NEGLIGENCE
### AGAINST NISSAN NORTH AMERICA, INC.

26.     Plaintiff Nipa Purihot restates and realleges paragraphs above as if fully restated herein.

27.     Defendant owed Plaintiff Nipa Purohit a duty to exercise reasonable care and to ensure

3

Plaintiff Nipa Purihot was notified of the hood latch defect and resulting recall of the vehicle.

28.     Defendant breached their duty of care when they failed to notify Plaintiff Nipa Purihot of the hood latch defect and resulting recall.

29.     As a result of Nissan's breach of their duty, Plaintiff Nipa Purihot suffered financial losses including but not limited to medical bills and expenses, lost wages and loss of earning capacity, and property damages.  Plaintiff Nipa Purihot has continuous pain and suffering, memory loss and loss of enjoyment.

**COUNT THREE**
PLAINTIFFS NIPA PURIHOT AND CHIRAG CHOWHAN'S CLAIM FOR BREACH OF WARRANTY AGAINST NISSAN NORTH AMERICA, INC.

30.     Plaintiffs restate and reallege paragraphs above as if fully restated herein.

31.     Defendant manufactured and sold a defective 2014 Nissan Altima in the stream of commerce causing bodily injuries to Plaintiff, property damages, and other damages to her children and spouse.

32.     Nissan is subject to liability to the Plaintiffs for its written express warranty and implied warrant on merchantability and the fitness for a particular use under G.L. c. 106 through sale of the 2014 Nissan Altima and warrants the vehicle complies with the law and is fit to be driven on the roadways and byways.

33.     Nissan breach its warranties and as direct and proximate cause of that breach the hood latch released and flew open while Plaintiff was driving on the highway causing her to crash and resulting in Plaintiff incurring property damages and other damages as a result of the breach.

34.     Defendant is liable to the Plaintiffs for all the damages they incurred as a result of its breach of warranty including but not limited to property damages resulting from such breach.

35.     Wherefore, the Plaintiffs pray that, after trial this court enter judgment in favor of the Plaintiffs on Count Three against Defendant for breach of express and implied warranty and to award damages, interest, attorney's fees and costs as allowed by law.

**COUNT FOUR**
UNFAIR AND DECEPTIVE TRADE PRACTICES
AGAINST NISSAN NORTH AMERICA, INC.
IN VIOLATION OF CHAPTER 93A

36.     Plaintiffs restate and reallege the paragraphs above as if fully restated herein.

37.     Defendant accepted liability or fault of the incident confirmed through correspondence but continue to blame the faulty hood disengagement that occurred as stated above to be the fault of the Plaintiff in their response to Plaintiff's 93A demand letter.

38.     Although liability is reasonably clear and Defendant has accepted liability, Defendant refuses to compensate the Plaintiff in a reasonable manner for her resulting injuries blaming the Plaintiff for causing her own injuries and economic losses Plaintiff has suffered as a result of the defective hood latch of her Nissan Altima.

39.     Defendant's response to accept liability and not offer reasonable compensation based on strict liability and negligence is unacceptable and unfair and deceptive trade practice in Massachusetts.

40.     Defendant's response to Plaintiff's demand was to blame Plaintiff's speed as a factor leading to the hood detaching from its locked position is immoral, unscrupulous, and unethical where liability was already accepted by the Defendant.

**COUNT FIVE**
PLAINTIFF MINOR I, LOSS OF CONSORTIUM AGAINST
NISSAN NORTH AMERICA, INC.

41.     Plaintiffs restate and reallege paragraphs above as if fully restated herein.

42.     The, Plaintiff, Nipa Purohit has a child (Minor I) who was then 9-year-old at the time of the collision.  Minor I depended on the Plaintiff for services, comfort and companionship.

43.     As a result of Nissan's negligence and or manufacturing defect Minor I suffered a loss of services, comfort, care and companionship of the Plaintiff, Nipa Purohit.

44.     Wherefore, Minor I prays that, after trial this court enter judgment in favor of Minor I on Count Four against NISSAN and to award damages, interest, attorney's fees and costs as allowed by law.

## COUNT FIVE
### PLAINTIFF MINOR II, LOSS OF CONSORTIUM AGAINST NISSAN NORTH AMERICA, INC.

45.     Plaintiffs restate and reallege paragraphs above as if fully restated herein.

46.     The Plaintiff, Nipa Purohit has a child (Minor II) who was then 7-year-old at the time of the collision.  Minor II depended on the Plaintiff for services, comfort and companionship.

47.     As a result of Nissan's negligence and or manufacturing defect Minor II suffered a loss of services, comfort, care and companionship of the Plaintiff, Nipa Purohit.

48.     Wherefore, Minor II prays that, after trial this court enter judgment in favor of Minor II on Count Five against NISSAN and to award damages, interest, attorney's fees and costs as allowed by law.

## COUNT SIX
### PLAINTIFF CHIRAG CHOWHAN, LOSS OF CONSORTIUM AGAINST NISSAN NORTH AMERICA, INC.

49.     Plaintiffs restate and reallege paragraphs above as if fully restated herein.

50.     The Plaintiff, Chirag Chowhan is the husband or spouse of Nipa Purohit at the time of the collision.

51.     Chirag Chowhan depended on his wife or the Plaintiff for services, comfort, affection and consortium.

52.     As a result of Nissan's negligence and or manufacturing defect Chirag Chowhan suffered a loss of services, comfort, care, affection, consortium from his wife, Nipa Purohit.

Wherefore, **Chirag Chowhan** prays that, after trial this court enter judgment in favor of **Chirag Chowhan** on Count Six against NISSAN for loss of consortium and to award damages, interest, attorney's fees and costs as allowed by law.

**Plaintiffs request a trial by a jury.**

Respectfully Submitted,
Nipa Purhoit,
Chirag Chowhan,
Minor I, and Minor II
By their Attorney

*Rita Sud*
_____
Rita Sud, Esq. (BBO#677399)
Law Office of Rita Sud
30 Church Street Suite 331
Belmont MA 02478
Ritasud1@verizon.net

7

## CERTIFICATE OF SERVICE

I hereby certify that I served this First Amended Complaint by first class mail to:


Holly M. Polglase
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, MA 02110-3113


Date: 1/23/2020

*Rita Sud*
_____

Rita Sud

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                SUPERIOR COURT
                                             C.A. No.:

                                        )
NIPA PUROHIT, CHIRAG CHOWHAN, MINOR      )
I & MINOR II                             )
        Plaintiffs                       )        **SECOND AMENDED**
                                         )        **COMPLAINT**
v.                                       )
                                         )
                                         )
NISSAN NORTH AMERICA, INC.               )
        Defendant                        )
                                         )
                                         )
_____ )

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

FEB 0 4 2020

CLERK

## PARTIES

1.     Plaintiff, Nipa Purohit, (hereinafter "Plaintiff") is an individual residing at 43 Wamsutta

Avenue, Waltham, in Middlesex County, Massachusetts.

2.     Plaintiff, Chirag Chowhan, (hereinafter "husband" or "spouse") is an individual residing at 43

Wamsutta Avenue, in Middlesex County in Waltham, Massachusetts.

3.     Plaintiff, Minor I, child of Plaintiff is an individual residing in Middlesex County in Waltham,

Massachusetts.

4.     Plaintiff, Minor II, child of Plaintiff is an individual residing in Middlesex County in Waltham,

Massachusetts.

5.     Defendant, Nissan North America, Inc., (hereinafter "Nissan") is a company doing business

in the state of Massachusetts.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over the Defendant pursuant to Massachusetts General Laws, c.

212 § 4 and c. 223A § 3.

7.     Venue is proper in Middlesex County pursuant to M.G.L. c. 223 § 1 as the Defendant conducts

business in Massachusetts.

## STATEMENT OF FACTS

8.      On or about December 28, 2013, Plaintiffs Nipa Purohit and her husband Chirag Chowhan,

purchased a new 2014 Nissan Altima from Peters of Nashua Dealership located in New Hampshire.

9.      At the time of purchase the Altima had mileage of 16 and was in new condition.

10.     On or about December 19, 2016, Plaintiff, Nipa Purohit, was driving her 2014 Nissan Altima

on Route 2 highway in Belmont when the latch to her hood disengaged and the hood suddenly flew

open.

11.     The hood crashed into the front window and obstructed Plaintiff's vision causing her to lose

control of the vehicle and crash into a guardrail before coming to a rest on the side of the road.

12.     As a result of the collision Plaintiff suffered head, neck and back injuries that require ongoing

medical treatments.

13.     Nissan North America, Inc., is the manufacturer of the vehicle and warranted the vehicle was

fit for its particular purpose.

14.     Unbeknownst to Plaintiffs, Nissan had a recall for hood latch issues for 2014 Nissan Altima

at the time of the collision for its failure to properly assemble a safe latch.

15.     The recall for the faulty hood latch was the third time the 2013-2015 Nissan Altima was

recalled for this same reoccurring defect.

16.     Plaintiffs Nipa Purohit and her husband Chirag Chowhan never received notice of any recall

at any time prior to the hood unexpectedly opening up on December 19, 2016.

17.     Nissan failed to warn of the defective nature of the vehicle and sold the defective vehicle by

trade through the stream of commerce and should have known the 2014 Nissan Altima was

unreasonably dangerous and defective to drive.

18.     As a result of the defect in the hood latch, the hood released and opened while Plaintiff Nipa

Purohit was driving on a highway and is the proximate cause of the accident causing the collision and

her injuries.

19.     As a direct and proximate cause of the defendant's negligence or manufacturing defect, gross

negligence, and breach of warranty, the Plaintiff sustained injuries to her head, neck and upper back.

20.     Plaintiff has two minor children then age 5 and 9 respectively who relied on her financially

for emotional support and comfort, and a husband who relied on her for affection, support and

financial contribution all of which was affected by the defect in Nissan Altima Plaintiff drove .

21.     Plaintiff through counsel sent her written demand pursuant to M.G.L. c. 93A.

### COUNT ONE
PLAINTIFF NIPA PUROHIT'S CLAIM OF STRICT LIABILITY
AGAINST NISSAN NORTH AMERICA, INC.

22.     Plaintiff Nipa Purohit restates and realleges the paragraphs above as if fully restated herein.

23.     The 2014 Nissan Altima was defectively designed at the time it was designed, manufactured

or produced and that defect made the motor vehicle.

24.     The defect in the design and assembly of the hood latch caused the hood of the Nissan to fly

open while Plaintiff was using the vehicle in the manner it was intended to be used and was the

proximate cause of Plaintiff Nipa Purohit's injury.

25.     The Nissan had not been changed in any way from its original condition since its purchase.

Wherefore, the Plaintiff requests this Court find Defendant strictly liable and award damages for all

injuries sustained.

### COUNT TWO
PLAINTIFF NIPA PUROHIT'S CLAIM OF NEGLIGENCE
AGAINST NISSAN NORTH AMERICA, INC.

26.     Plaintiff Nipa Purohit restates and realleges paragraphs above as if fully restated herein.

27.     Defendant owed Plaintiff Nipa Purohit a duty to exercise reasonable care and to ensure

Plaintiff Nipa Purohit was notified of the hood latch defect and resulting recall of the vehicle.

28.    Defendant breached their duty of care when they failed to notify Plaintiff Nipa Purohit of the hood latch defect and resulting recall.

29.    As a result of Nissan's breach of their duty, Plaintiff Nipa Purohit suffered financial losses including but not limited to medical bills and expenses, lost wages and loss of earning capacity, and property damages.  Plaintiff Nipa Purohit has continuous pain and suffering, memory loss and loss of enjoyment.

## COUNT THREE
PLAINTIFFS NIPA PUROHIT AND CHIRAG CHOWHAN'S CLAIM FOR BREACH OF
WARRANTY AGAINST NISSAN NORTH AMERICA, INC.

30.    Plaintiffs restate and reallege paragraphs above as if fully restated herein.

31.    Defendant manufactured and sold a defective 2014 Nissan Altima in the stream of commerce causing bodily injuries to Plaintiff, property damages, and other damages to her children and spouse.

32.    Nissan is subject to liability to the Plaintiffs for its written express warranty and implied warrant on merchantability and the fitness for a particular use under G.L. c. 106 through sale of the 2014 Nissan Altima and warrants the vehicle complies with the law and is fit to be driven on the roadways and byways.

33.    Nissan breach its warranties and as direct and proximate cause of that breach the hood latch released and flew open while Plaintiff was driving on the highway causing her to crash and resulting in Plaintiff incurring property damages and other damages as a result of the breach.

34.    Defendant is liable to the Plaintiffs for all the damages they incurred as a result of its breach of warranty including but not limited to property damages resulting from such breach.

35.    Wherefore, the Plaintiffs pray that, after trial this court enter judgment in favor of the Plaintiffs on Count Three against Defendant for breach of express and implied warranty and to award damages, interest, attorney's fees and costs as allowed by law.

## COUNT FOUR
UNFAIR AND DECEPTIVE TRADE PRACTICES
AGAINST NISSAN NORTH AMERICA, INC.
IN VIOLATION OF CHAPTER 93A

36.     Plaintiffs restate and reallege the paragraphs above as if fully restated herein.

37.     Defendant accepted liability or fault of the incident confirmed through correspondence but continue to blame the faulty hood disengagement that occurred as stated above to be the fault of the Plaintiff in their response to Plaintiff's 93A demand letter.

38.     Although liability is reasonably clear and Defendant has accepted liability, Defendant refuses to compensate the Plaintiff in a reasonable manner for her resulting injuries blaming the Plaintiff for causing her own injuries and economic losses Plaintiff has suffered as a result of the defective hood latch of her Nissan Altima.

39.     Defendant's response to accept liability and not offer reasonable compensation based on strict liability and negligence is unacceptable and unfair and deceptive trade practice in Massachusetts.

40.     Defendant's response to Plaintiff's demand was to blame Plaintiff's speed as a factor leading to the hood detaching from its locked position is immoral, unscrupulous, and unethical where liability was already accepted by the Defendant.

## COUNT FIVE
PLAINTIFF MINOR I, LOSS OF CONSORTIUM AGAINST
NISSAN NORTH AMERICA, INC.

41.     Plaintiffs restate and reallege paragraphs above as if fully restated herein.

42.     The, Plaintiff, Nipa Purohit has a child (Minor I) who was then 9-year-old at the time of the collision.  Minor I depended on the Plaintiff for services, comfort and companionship.

5

43.    As a result of Nissan's negligence and or manufacturing defect Minor I suffered a loss of services, comfort, care and companionship of the Plaintiff, Nipa Purohit.

44.    Wherefore, Minor I prays that, after trial this court enter judgment in favor of Minor I on Count Four against NISSAN and to award damages, interest, attorney's fees and costs as allowed by law.

### COUNT FIVE
PLAINTIFF MINOR II, LOSS OF CONSORTIUM AGAINST
NISSAN NORTH AMERICA, INC.

45.    Plaintiffs restate and reallege paragraphs above as if fully restated herein.

46.    The Plaintiff, Nipa Purohit has a child (Minor II) who was then 7-year-old at the time of the collision.  Minor II depended on the Plaintiff for services, comfort and companionship.

47.    As a result of Nissan's negligence and or manufacturing defect Minor II suffered a loss of services, comfort, care and companionship of the Plaintiff, Nipa Purohit.

48.    Wherefore, Minor II prays that, after trial this court enter judgment in favor of Minor II on Count Five against NISSAN and to award damages, interest, attorney's fees and costs as allowed by law.

### COUNT SIX
PLAINTIFF CHIRAG CHOWHAN, LOSS OF CONSORTIUM AGAINST
NISSAN NORTH AMERICA, INC.

49.    Plaintiffs restate and reallege paragraphs above as if fully restated herein.

50.    The Plaintiff, Chirag Chowhan is the husband or spouse of Nipa Purohit at the time of the collision.

51.    Chirag Chowhan depended on his wife or the Plaintiff for services, comfort, affection and consortium.

52.    As a result of Nissan's negligence and or manufacturing defect Chirag Chowhan suffered a loss of services, comfort, care, affection, consortium from his wife, Nipa Purohit.

Wherefore, Chirag Chowhan prays that, after trial this court enter judgment in favor of Chirag

Chowhan on Count Six against NISSAN for loss of consortium and to award damages, interest,

attorney's fees and costs as allowed by law.

**Plaintiffs request a trial by a jury.**

Respectfully Submitted,
Nipa Purhoit,
Chirag Chowhan,
Minor I, and Minor II
By their Attorney

Rita Sud, Esq. (BBO#677399)
Law Office of Rita Sud
30 Church Street Suite 331
Belmont MA 02478
Ritasud1@verizon.net

7

CERTIFICATE OF SERVICE

I hereby certify that I served this Second Amended Complaint by first class mail to:

Holly M. Polglase
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin Street, 7th Floor
Boston, MA 02110-3113


Date: 2/4/2020

_____

Rita Sud